**SO ORDERED.**

**SIGNED this 08 day of November, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

NANCE PROPERTIES, INC.,                    CASE NO. 11-06197-8-JRL

    DEBTOR.                                          Chapter 11

### ORDER

This case is before the court on the debtor's motion to sell property free and clear of liens and motion for private sale. A hearing took place in Raleigh, North Carolina on October 3, 2011.

The debtor, Nance Properties, Inc., is a North Carolina corporation engaged in the business of owning and operating Valvoline stations and car wash facilities. The debtor filed for protection under chapter 11 of the Bankruptcy Code on August 12, 2011, and is currently operating as debtor in possession. First-Citizens Bank & Trust Company ("First-Citizens") has pre-petition claims against the debtor, secured by liens on substantially all of the real property, as well as certain equipment, owned by the debtor. On September 14, 2011, the debtor moved the court to approve the private sale of certain properties free and clear of all liens and other interests, pursuant to 11 U.S.C. § 363(f). First-Citizens objected to the sale on the grounds that the debtor does not satisfy the requirements of § 363(f).

## BACKGROUND

The debtor seeks to sell the real property located in Swansboro, North Carolina, and Richlands, North Carolina,[1] together with all of the business assets relating to the respective real property, including inventory, furniture, fixtures, tools, and equipment, but excluding a computer system located at the Swansboro Property (collectively "the Property"). The Property is subject to multiple promissory notes and security interests granted by the debtor in favor of First-Citizens. The relevant details of these transactions are summarized as follows:

| Date of Loan | Property | Priority of Deed of Trust | Original Amount of Loan | Amount Owing on Petition Date | Interest Per Day |
|---|---|---|---|---|---|
| 4/23/2001 | Swansboro Property | First Priority | $728,000.00 | $418,357.97 | $64.73 |
| 3/14/2006 | Swansboro Property | Second Priority | $334,480.00 | $312,603.24 | $48.14 |
| 2/27/2009 | Swansboro Property | Third Priority | $105,000.00 | $106,657.65 | $16.43 |
| 11/9/2005 | Richlands Property | First Priority | $575,000.00 | $519,787.55 | $80.05 |
| 10/3/2002 | Richlands Property | Second Priority | $450,000.00 | $312,824.11 | $48.41 |

In addition, First-Citizens has a first priority lien on the Swansboro property inventory, which was valued in the debtor's schedules at $9,830.55. First-Citizens also has a first priority lien on all of the debtor's equipment, which was valued in the debtor's schedules at $105,500.00.

The debtor wishes to sell the Property free and clear of First-Citizens' existing liens. It

---

[1] Specifically, the Swansboro Property is comprised of 1.2 acres of land located at 1071 West Corbett Avenue, Swansboro, North Carolina, 28584. The Richlands Property is comprised of 1.55 acres of land located at 100 Woodson Avenue, Richlands, North Carolina, 28540.

has negotiated a purchase price with an independent buyer in the amount of $1,200,000.00. In its schedules, the debtor valued its interest in the Swansboro property at $623,689.50 and its interest in the Richlands property at $250,000.00. Accordingly, the negotiated purchase price exceeds the value of the Property as stated by the debtor. However, the purchase price is less than the total amount of all debt against the Property owing to First-Citizens. First-Citizens has objected to the debtor's motion to sell the Property free and clear of all liens, arguing that the debtor fails to satisfy any of the requirements set forth in § 363(f) of the Bankruptcy Code.[2]

## DISCUSSION

Section 363(f) allows a debtor in possession[3] to sell property of the debtor free and clear of liens and other interests. However, because this deprives secured creditors of a significant right, § 363(f) provides only five narrow circumstances in which a debtor may sell property free of all liens:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Of its five provisions, only § 363(f)(3) arguably applies in the present case.

---

[2] First-Citizens made two additional objections to the debtor's motion for the sell free and clear of liens, but since the court denies the debtor's motion, those objections are moot and will not be discussed.

[3] See 11 U.S.C. § 1107 (providing that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.").

The precise issue before the court is whether § 363(f)(3) permits the debtor to sell the Property free and clear of all liens at a purchase price that exceeds the actual economic value of the liens but is less than the aggregate amount of all debt against the Property.

Two distinct lines of case law have developed as to the interpretation of the phrase "greater than the aggregate *value* of all liens on such property."  Id. § 363(f)(3) (emphasis added).  Some courts have found that § 363(f)(3) requires a sale price greater than the aggregate "face value" of the liens.  See, e.g., Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25 (B.A.P. 9th Cir. 2008); Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC), 298 B.R. 527 (D.N.J. 2003); In re Canonigo, 276 B.R. 257 (Bankr. N.D. Cal. 2002); In re Feinstein Family P'ship, 247 B.R. 502 (Bankr. M.D. Fla 2000); In re Perroncello, 170 B.R. 189 (Bankr. D. Mass. 1994); Richardson v. Pitt County (In re Stroud Wholesale, Inc.), 47 B.R. 999 (E.D.N.C. 1985), aff'd mem., 983 F.2d 1057 (4th Cir. 1986); Scherer v. Fed. Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.), 159 B.R. 821 (N.D. Ill. 1993).  On the other hand, some courts have found that § 363(f)(3) refers to the "economic value" of the liens, i.e., the present value of the property.  See, e.g., In re Bos. Generating, LLC, et al., 440 B.R. 302 (S.D.N.Y. 2010); In re Collins, 180 B.R. 447, 450–01 (Bankr. E.D. Va. 1995); Milford Group, Inc. v. Concrete Step Units, Inc. (In re Milford Group, Inc.), 150 B.R. 904, 906 (Bankr. M.D. Pa. 1992); In re WPRV-TV, Inc., 143 B.R. 315, 320 (D.P.R. 1991); In re Oneida Lake Dev., Inc., 114 B.R. 352 (Bankr. N.D.N.Y. 1990); In re Terrace Gardens Park P'ship, 96 B.R. 707 (Bankr. W.D. Tex. 1989); In re Beker Indus. Corp., 63 B.R. 474, 476–77 (Bankr. S.D.N.Y. 1986).

The U.S. District Court for the Eastern District of North Carolina is among the courts that

4

hold the former view.[4]  See In re Stroud Wholesale, Inc., 47 B.R. at 1001–02 (holding that statutory "aggregate value of all liens" means the full amount of all debt secured by the liens). In Stroud Wholesale, the district court held that

> sales free and clear of liens and interests may be justified by (f)(3) only if the sale price will exceed the aggregate value of all liens on the property.  This interpretation is consistent with the well-established rule that the bankruptcy court should not order the sale of property free and clear of interests and liens unless the court is satisfied that the sale proceeds will fully compensate the secured lienholders and produce some equity for the estate.

Id. (citations omitted).  The court relied on the 1984 congressional amendment that replaced "such interest" at the end of § 363(f)(3) with "all liens on such property."  Id. (citing Bankruptcy Amendment & Federal Judgeship Act of 1984, Pub. L. No. 95-353, 95 Stat. 353, 372). According to the district court, this amendment manifested Congress' intent that sales free and clear of liens pursuant to § 363(f)(3) are permitted only if the proceeds from the sale exceed the total amount of all liens on the property.  Id.  Since Stroud Wholesale was decided, however, an abundance of case law has developed, and the divide among courts over the correct interpretation of § 363(f)(3) has become more prevalent.

The debtor argues that the court should follow In re Collins, 180 B.R. 447 (Bankr. E.D. Va. 1995), the "leading case in the Fourth Circuit."  In Collins, a chapter 11 debtor entered into a contract to sell property for a purchase price of $100,000.00, and the property was valued at the same amount on the bankruptcy schedules.  Id. at 449.  However, the property was encumbered

---

[4] This Court also recognizes that the Fourth Circuit, in an unpublished opinion, affirmed the decision reached by the district court in Stroud Wholesale, stating, "while we do not necessarily agree with all that was said in the opinion of the district court in reversing the bankruptcy court, we think that the district court reached a correct, proper, and equitable result."  Richardson v. Pitt County (In re Stroud Wholesale, Inc.), No. 85-1422, 1986 WL 181749 (4th Cir. 1986) (unpublished opinion).

by several liens, totaling $128,000.00. Id. The debtor filed a motion to sell the property free and clear of liens to which one of the lienholders objected. Id.

The U.S. Bankruptcy Court for the Eastern District of Virginia held that the requirements of § 363(f)(3) were satisfied and allowed the motion for sale of the property free and clear of liens, finding that "the interpretation of value within the context of § 506(a) provides a better reasoned solution to this dilemma." Id. at 450. The court reasoned,

> The Supreme Court has ruled that value in § 506(a) means the same as "value" under other provisions of the Code, specifically §§ 361(1) and (2) which address adequate protection. In light of § 363(e) which makes adequate protection an integral element of any proposed sale under § 363(f), it is therefore logical to extend the definition of "value" with regard to a secured creditor's interest to "value" in § 363(f)(3). . . . Rather than establishing "value" by the face amount of all the liens on the property, . . . the Court would need to determine the actual "value" of the secured creditor's interest (*i.e.*, value of the property).

Id. at 451 (citations omitted). Aside from the fact that the property was being sold for its "value," the Collins court identified equitable factors that contributed to its decision.[5] Id. at 451. The debtor in this case argues that the court should apply the more reasoned interpretation of § 363(f)(3) adopted in Collins. Furthermore, the debtor argues that all the additional factors discussed in Collins are present in this case.

This court acknowledges that both interpretations of § 363(f)(3) have valid justifications, as well as criticisms. Given the present economic climate, the situation presented in this case will become increasingly more prevalent. However, while the court sympathizes with the

---

[5] The factors included: (1) the case was a chapter 11 reorganization rather than a chapter 7 liquidation; (2) the property was not the sole asset of the estate; (3) the proposed sale was a prudent decision and not a substitution for a plan a reorganization; (4) the sale benefitted the estate; and (5) the sale prices was the best obtainable price under the circumstances. In re Collins, 180 B.R. 447, 451 (Bankr. E.D. Va. 1995)

debtor's position, the decision of the District Court for the Eastern District of North Carolina in <u>Stroud Wholesale</u> has been the settled law in this district for more than twenty-five years and remains binding on this court.  Accordingly, this Court finds that in order for a debtor in possession to sell property free and clear of liens pursuant to § 363(f)(3), the purchase price must exceed the face amount of all liens against the property.  The negotiated purchase price of $1,200,000.00 fails to exceed the face amount of First-Citizens' liens on the Property.  Based on the foregoing, the debtor's motion to sell property free and clear of liens and motion for private sale are **DENIED.**

**END OF DOCUMENT**